UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MATTHEW BARTON BABIS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:25-CV-342-HAB |
| | ) |
| CITY OF FORT WAYNE, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Plaintiff, "a living man," filed several documents in this Court without paying the filing fee or moving for leave to proceed *in forma pauperis* ("IFP"). And to the extent it could be called such, his Complaint (ECF No. 1) failed "to state a claim to relief that is plausible on its face." (ECF No. 6). The Court thus struck his Complaint; instructed him to use this Court's approved complaint form; sent him both the court-approved IFP and complaint forms; and granted him until August 2, 2025, to file an amended complaint on the form and resolve his filing fee status. (*Id.*). The Court also cautioned him that "if he does not respond by that deadline his case would be dismissed without further notice for lack of prosecution." (*Id.*).

Rather than follow this Court's Order, Plaintiff filed a Response (ECF No. 8) and a Notice (ECF No. 9). In those documents, he expresses a clear refusal to abide by this Court's Order, questions this Court's authority, and accused this Court of—among other things— "breach of trust, stall tactics, and cruelty against the living." (ECF No. 8 at 6). His refusal to abide by the Court's Order is enough to dismiss his case, *Mertens v. Hummell*, 587 F.2d 862 (7th Cir. 1978) ("Rule 41(b) provides for the dismissal of an action where the plaintiff has failed to comply with

'any order of the court.'"), but the Court will take a moment to explain why the Court has the authority Plaintiff questions.

Plaintiff spills much ink, again, providing "this Court with what can best be described as 'sovereign citizen' talking points." (ECF No. 6 at 1). For example, he argues his case "is governed solely by principles of equity and trust law, which supersede all statutes, codes, and administrative procedures that do not honor the status of the living man[.]" (ECF No. 8 at 11) (cleaned up). Despite not recognizing such "administrative procedures[,]" he accuses the Court of being "involved in continued dishonor, obstruction, and fraudulent handling of [his] private *administrative* process." (*Id.* at 12) (emphasis added). This Court has already recounted much of the problems with Plaintiff's "legal" theories:

> He uses phrases like "corporate fiction," "divinely inspired trust," and "consent to contract." He refuses to recognize the "US Corporate Constitution," instead recognizing only the "Organic Constitution of the United States of America, ratified on September 17, 1787, with its original thirteen amendments." Indeed, he does not "recognize any statutes, codes, or amendments" beyond the "Organic Constitution."

(ECF No. 6 at 2). Those theories plague his new filings in the same way though Plaintiff now refuses to recognize the Court's authority while also lodging a series of threats. But again, "[t]hese 'legal' theories Plaintiff espouses are not recognized in this, or any other, court."[1] (*Id.*). The laws that Plaintiff ignores remain in full effect in this forum. And as will be explained, the Court is well within its authority here.

Plaintiff quarrels with this Court requiring him to use the court approved complaint form as he does not "use or submit to administrative forms, statutory schemes, or civil procedures[.]"

---

[1] "Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented." *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (explaining that "sovereign citizen" arguments have "no conceivable validity in American law").

2

(ECF No. 8 at 1). But the Court is well within its authority to require him do so. *See* N.D. Ind. L.R. 7-6 (providing that the court can require litigants representing themselves to use clerk-supplied complaint forms); *Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009) ("As we have repeatedly held, even pro se litigants must follow procedural rules[.]"). Moreover, failure to comply with the Federal Rules of Civil Procedure, which Plaintiff does not "use or submit to[,]" is also a basis for dismissal. Fed. R. Civ. P. 41(b) ("If the plaintiff fails…to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). Instead of simply using those forms, Plaintiff invokes "substance over form" in an effort to save his previous filings. But what he ignores is that not only was the form of his Complaint a problem; the substance fell short too:

> To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff's complaint does not meet this standard. When a complaint is vague, confusing, or lacking in necessary detail, the court may strike it with leave to replead. *See Levana v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

(ECF No. 6 at 2). Despite all the deficiencies, the Court gave him a chance to replead and state a plausible claim.

> Instead of following the Court's Order, he now rejects it:
>
> I enter into this record the ongoing use of "stall tactics", delay, and coercive threats to compel submission to forms and procedure alien to equity. The deadline of August 2, 2025, referenced by the court as a demand for corporate forms, is hereby rejected as "fraudulent inducement" and a "trespass upon equity."

(ECF No. 8 at 8). Having explained the Court's authority to require pro se plaintiffs to use court approved forms, his rejection is unwarranted. Nor does he address the substance of his Complaint. All the same, the Court will take Plaintiff at his word. He will not abide by the Court's Order

3

regarding the form or substance of his Complaint. In dismissing a case under Rule 41(b), a district court must "show a record of delay, contumacious conduct, or that lesser sanctions proved unavailable, as well as the prejudice that the delay caused the defendant." *Thomas v. Wardell*, 951 F.3d 854, 862 (7th Cir. 2020). It is difficult for this Court to imagine more contumacious conduct than an outright refusal to obey by its Order under valid authority while accusing the Court of "stall tactics" and "threats." Plaintiff simply cannot play ball while ignoring the very rules of the game.

Plaintiff rejects this Court's Order; that much is clear.[2] And the Court may dismiss a case if the plaintiff "fails to prosecute or to comply with [the Federal Rules] or a court order[.]" Fed. R. Civ. P. 41(b). As shown above, such is the case here.

For these reasons, this case is DISMISSED.

SO ORDERED on July 10, 2025.

s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

---

[2] As previously stated, he also rejects the Rules of Civil Procedure, statutes, codes, and several constitutional amendments.